UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| SOUBANH THANTHAVONGSA, | ) | CASE NO. 4:08 CV 2460 |
| | ) | |
| Petitioner, | ) | JUDGE DAVID A. KATZ |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| HARLEY G. LAPPIN, et al., | ) | |
| | ) | |
| Respondents. | ) | |

On October 16, 2008, pro se petitioner Soubanh Thanthavongsa filed the above-captioned habeas corpus action under 28 U.S.C. § 2241 against Harley G. Lappin, Director of the Bureau of Prisons (BOP), Corrections Corporation of America ("CCA") President John D. Ferguson, and Warden Joseph D. Gunja at the Northeast Ohio Correctional Center (N.E.O.C.C.) Mr. Thanthavongsa, who is incarcerated at N.E.O.C.C., asserts that his transfer to a CCA facility based on national origin is a violation of his Fifth and Fourteenth Amendment rights under the Constitution. He seeks a declaration that a contractual arrangement between CCA and the BOP is null and void, an immediate prison transfer in accordance with 18 U.S.C. §3621(b), and any other relief the court deems appropriate.

BACKGROUND

Petitioner describes himself as a "non-removable alien from the United States, because his country (Laos) would not accept his return, and he would be ultimately released in the community within on [sic] an Order of supervision pursuant to Immigration law." (Pet. at 4.)  In 2007, he was convicted in the United States District Court for the Southern District of Virginia of possession with intent to distribute cocaine. See United States v. Thanthavongsa, No. 2:07cr000537 (S.D. Va 2007).  The court sentenced him to 57 months in prison on February 22, 2008, followed by 4 years of supervised release.

On or about July 1, 2008, petitioner was classified as a low security inmate.  Nine days later, he was transferred to N.E.O.C.C. "on the basis of his sex, national origin, and Immigration status."[1]  (Pet. at 4.)  He was advised by N.E.O.C.C. staff that his transfer stemmed from a contractual arrangement between C.C.A. and the BOP, wherein prison transfers were authorized based on national origin, immigration status and low security re-classification.

Mr. Thanthavongsa now argues he is being treated differently from other low security prisoners on the basis of his immigrant and nationality status.  He claims this is a clear violation of 18 U.S.C. § 242, which affords all persons protection from any unconstitutional action taken under color of State or federal law.[2]  Under the provisions of the Fifth and Fourteenth

---

[1] This appears to be a generic phrase inasmuch as petitioner does not address any gender claim or any claim relating specifically to prisoners from Laos.

[2] This is a statute which criminalizes conspiracy to deprive persons of their rights secured by the Constitution or laws of the United States, and the deprivation of rights under color of law.  See 18 U.S.C. § 242.  Because this criminal statutes does not provide any basis for civil liability, Mr. Thanthavongsa cannot state a claim upon which relief may be granted under this statute. See Krajicek v. Justin, No. 98-1249, 1999 WL 195734 at *1 (6th Cir. Mar.23, 1999), cert. denied, 528 U.S. 1046 (1999)(holding that §§ 241-242 do not provide a basis for civil liability); Owens v. Johnson, No. 98-1728, 1999 WL 777453 at *1 (6th Cir. Sept.16, 1999)(holding that § 242 does not
(continued...)

Amendments, he asserts that low security, non-citizen inmates are entitled to the same treatment as low security inmates who are citizens of the United States. In support of his assertion that segregation by race, national origin or immigrant status violates the Constitution, petitioner cites the Supreme Court's decision in Johnson v. California, 543 U.S. 499 (2005), wherein an African-American state prison inmate brought a 42 U.S.C. §§ 1981 and 1983 equal-protection action against corrections officials, challenging an unwritten policy of placing new or transferred inmates with cellmates of the same race during initial evaluation.

Mr. Thanthavongsa contends that he is entitled to be treated the same as all other similarly situated low security inmates because he meets the regulatory definition of an "inmate," as set forth in 28 C.F.R. Part 500.1(c). With regard to his treatment, he maintains that inmates in his position are denied the "privilege of possessing items allowed to purchase at Federal Bureau of Prison facility such as toe-nail-clippers, and beard-trimmers which similar security custody F.B.O.P. Inmates are allowed to possess." (Pet. at 12.) He claims these conditions are more severe than the conditions experienced by prisoners who are United States citizens and housed in B.O.P. facilities. Finally, petitioner makes the following general claims, that unlike prisoners who are U.S. citizens, he is being

> denied the same rights and privileges . . . such as Release Preparation Program, Drug and alcohol Program, Pre-release-Community Corrections Center-Half way house Program pursuant to Federal Bureau of Prisons Policy and procedure, the Second Chance Act H.R. 1593, chapter 3, Section 251(a),(c)(1), and 18 U.S.C.A. § 3624(c)(1), as well as Home Confinement Program pursuant to Second Chance Act H.R. 1593, chapter 3, Section 251(a),(c)(2), and 18 U.S.C.A. §

---

[2](...continued)
provide a private cause of action).

3624(c)(2).

(Pet. at 13). He does not, however, assert he is either entitled to participate in these programs, or that he is otherwise eligible for the benefits these programs provide.

## Federal Habeas Petitions
## 28 U.S.C. § 2241

The statute provides, in relevant part, that:

> (c) The writ of habeas corpus shall not extend to a prisoner unless--
>
> (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
>
> (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
>
> (3) He is in custody in violation of the Constitution or laws or treaties of the United States;

28 U.S.C. § 2241(c). Mr. Thanthavongsa captions his § 2241 pleading as a "Petition to Correct Custody." He then couches his underlying argument as a challenge to his "unconstitutional physical confinement." (Pet. at 1.) This unlawful confinement, he argues, is in violation of his Fifth and Fourteenth Amendment rights to due process and equal protection under the Constitution. A close reading of the petition reveals, however, that this is not a challenge to petitioner's confinement, but an attack on the respondents' decision to transfer him to N.E.O.C.C. based on his status as an immigrant. Were this an actual challenge to his confinement, the court's relief would ultimately effect the length or duration of his term of confinement. This is true with regard to requests for immediate release, as well as challenges to the manner in which a prison is executing an inmate's

sentence.[3]  Therefore, for the reasons set forth below, petitioner has failed to state a claim for relief under the federal habeas statute.

The Supreme Court has clarified that habeas corpus proceedings are the proper mechanism for a prisoner to challenge the "legality or duration" of confinement. Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  This legal axiom was reiterated in Nelson v. Campbell, 541 U.S. 637 (2004), when the Court explained that "constitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks *monetary or injunctive relief*, fall outside of that core [of habeas corpus] and may be brought pursuant to § 1983 in the first instance."Id. at 643 (emphasis added); see also Muhammed v. Close, 540 U.S. 749, 750(2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action.")

Mr. Thanthavongsa's conclusory assertions regarding the denial of participation in certain prison programs is premature.  If, in fact, he is challenging the BOP's denial of his eligibility for participation in an early release program based on nationality, he may file a habeas petition after exhausting his administrative remedies. Little v. Hopkins, 638 F.2d 953, 953-54 (6th Cir.1981) (federal prisoner must first exhaust his available remedies before filing a § 2241 petition for habeas corpus relief).  The remainder of his petition, however, does not address any claim for early release.

Petitioner asserts that this court has § 2241 jurisdiction over claims which challenge the manner, condition and location of a prisoner's confinement.  The only case he cites which

---

[3]The Supreme Court noted in Muhammed that it "has never followed the speculation in Preiser v. Rodriguez, 411 U.S. 475, 499, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), that . . . a prisoner subject to 'additional and unconstitutional restraints' might have a habeas claim independent of § 1983." Muhammed, 540 U.S. at 752 n.1.

directly supports his belief is "Thompson v. Choinski, Docket #04-5079-pr, WL 1969652 (2nd Cir. Decided May 8, 2008)."[4] (Pet. at 3.) Choinski is not, however, controlling law. The Supreme Court has repeatedly explained that,"[c]hallenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus." Hill v. McDonough, 547 U.S. 573, 579 (2006)(quoting Muhammad, 540 U.S. at, 750)(citing Preiser, at 500 ). This is why "federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254[§ 2241 for federal prisoners], and a complaint under the Civil Rights Act of 1871, as amended, 42 U.S.C. § 1983." Muhammad, 540 U.S. at 750. This court is bound to first follow precedent of the Supreme Court. See Daugherty v. Campbell, 935 F.2d 780, 784 (6th Cir.1991)(noting that this court first looks to Supreme Court cases, then to Sixth Circuit cases, and finally to decisions of other circuits); Bing ex rel. Bing v. City of Whitehall, Ohio, 456 F.3d 555 (6th Cir. 2006). Therefore, inasmuch as the Sixth Circuit has followed the Court's consistent holding that habeas relief is designed to test the fact or duration of confinement, Thomas v. Eby, 481 F.3d 434, 438 (6th Cir.2007), petitioner's reliance on Choinski is unavailing.

Even the Johnson case petitioner cites in his pleading, wherein an African-American inmate asserted a constitutional challenge to an unwritten policy of placing new or transferred prisoners based on race, was raised as a 42 U.S.C. §§ 1981 and 1983 equal-protection action against the corrections officials. Thus, he has consistently failed to assert a basis upon which this court can exercise habeas jurisdiction over his claim which exclusively attacks his conditions of confinement. Based on the foregoing, this court cannot grant the relief petitioner seeks pursuant to 28 U.S.C. § 2241. To the extent he seeks relief other than release or a change in the manner in which his

---

[4]The correct citation is Thompson v. Choinski, 525 F.3d 205 (2d Cir. 2008), petition for cert. filed __U.S.L.W.__ (U.S. Nov 12, 2008)(No. 08-7358).

sentencing is being executed, the appropriate action would be to file a civil rights complaint. Preiser, 411 U.S. at 484.

## CONCLUSION

The petition is denied pursuant 28 U.S.C. § 2243. Further, the court certifies pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                              /s/ David A. Katz
                                        DAVID A. KATZ
                                        UNITED STATES DISTRICT JUDGE